CA 06 355



# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| United States District Court | District RHODE ISLAND |
| Name (under which you were convicted): JOES LUIS COLON_CRUZ | Docket or Case No.: CR-05-0042T |
| Place of Confinement: F.C.I. Otisville | Prisoner No.: 04119-070 |
| UNITED STATES OF AMERICA | v. Movant (include name under which you were convicted) LOES LUIS COLON-CRUZ |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: The United States District Court for the District of Rhode Island Providence Rhode Island

   (b) Criminal docket or case number (if you know): CR-05-0042T

2. (a) Date of the judgment of conviction (if you know): September 23, 2005

   (b) Date of sentencing: October 28, 2005

3. Length of sentence: 48 months of imprisonment

4. Nature of crime (all counts): Illegal Reentry 8 U.S.C. § 1326 (a) and (b) (2)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court: ________

(b) Docket or case number (if you know): ________

(c) Result: ________

(d) Date of result (if you know): ________

(e) Citation to the case (if you know): ________

(f) Grounds raised: ________

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): ________

(2) Result: ________

(3) Date of result (if you know): ________

(4) Citation to the case (if you know): ________

(5) Grounds raised: ________

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ________

(2) Docket or case number (if you know): ________

(3) Date of filing (if you know): ________

(4) Nature of the proceeding: ______________________

(5) Grounds raised: ______________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______________________

(2) Docket or case number (if you know): ______________________

(3) Date of filing (if you know): ______________________

(4) Nature of the proceeding: ______________________

(5) Grounds raised: ______________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: I had requested my Attorney to file an Appeal of my Sentence because I was sentenced to a guideline range that was higher than the agreed upon sentence during my plea negotiations. Trial Attorney was ineffective for not filing an appeal, see **Campusano v. U.S.**, 442 F. 3d 770 (2nd Cir.2006)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Trial Counsel was ineffective for failing to appeal Petitioner's Sentence and conviction.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): When Petitioner plead guilty, he did so under the understanding that he was receiving a sentence of 30 months or less, however, he received a sentence of 48 months. Petitioner then had instructed Trial Counsel to file an appeal, however, no such appeal was ever filed. Under the Second Circuit doctrine in **Campusano, supra,** Petitioner seeks the restoration of his appeal rights.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: None.

GROUND TWO: Petitioner is actually innocent of the convicted offense

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
PLEASE REVIEW ATTACHMENT TO ISSUE TWO

______________________________________________

______________________________________________

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ______________

______________________________________________

______________________________________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________

Name and location of the court where the motion or petition was filed: ______________

______________________________________________

Docket or case number (if you know): ______________

Date of the court's decision: ______________

Result (attach a copy of the court's opinion or order, if available): ______________

______________________________________________

______________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________

______________________________________________

Docket or case number (if you know): ______________

Date of the court's decision: ______________

Result (attach a copy of the court's opinion or order, if available): ______________

______________________________________________

______________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________________

GROUND THREE: ______________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______________________________

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: ______________________________

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________________

Name and location of the court where the motion or petition was filed: ______________________________

Docket or case number (if you know): ______________________________

Date of the court's decision: ______________________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________________________________

______________________________________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

______________________________________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________________________________

______________________________________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

GROUND FOUR: ______________________

______________________________________________________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________

______________________________________________

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: ______________________________________________

______________________________________________

______________________________________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________________________________

Name and location of the court where the motion or petition was filed: ______________________________________________

______________________________________________

Docket or case number (if you know): ______________________________________________

Date of the court's decision: ______________________________________________

Result (attach a copy of the court's opinion or order, if available): ______________________________________________

______________________________________________

______________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________________________________

______________________________________________

______________________________________________

Docket or case number (if you know): ______________________________________________

Date of the court's decision: ______________________________________________

Result (attach a copy of the court's opinion or order, if available): ______________________________________________

______________________________________________

______________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Both grounds haven't been presented because of Ineffective Assistance of Counsel

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Edward C. Roy, Jr. Attorney At Law, Federal Public Defender's Office, 10 Weybosset Street, Suite 300, Providence, Rhode Island 02903

(b) At arraignment and plea: SAME

(c) At trial: ______

(d) At sentencing: SAME

(e) On appeal: NONE WAS FILED

(f) In any post-conviction proceeding:
NONE

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Petitioner's Motion is Timely and filed within the one year time limit.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate his Conviction and to have his Indictment dismissed.

or any other relief to which movant may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __________ __________ (month, date, year).

Executed (signed) on 8-1-06 (date).

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ______________________________

## MEMORANDUM OF LAW

THE BASIS FOR PETITIONERS CHALLENGE OF HIS DEPORTATION ORDER AND REQUEST FOR DISMISSAL OF THE INDICTMENT AGAINST HIM IS BASED UPON THE CASE LAW IN UNITED STATES V. COPELAND, 376 F.3d 61 (July 16, 2004)

In **United States v. Copeland,** the government appealed an order of the United States District Court for the Eastern District of New York, 228 F. Supp.2d 267, Jack B. Weinstein, J., dismissing indictment charging defendant with illegal reentry after deportation. Richard Copeland collaterally attacked the validity of his deportation order as provided under section 1326(d), and the district court held that his deportation hearing was not consistent with due process. See 376 F.3d 61 at 62.

Copeland served three felony sentences for criminal possession of a weapon, cocaine sale and criminal possession of a controlled substance, from October 13 to September 23, 1998. Deportation hearings were held on August 7 and November 27, 1996. The IJ stated that "under current law there is no waiver for deportability if you're convicted of violating of a controlled substance law ..." id. at 63.

During 1997 and 1998, several courts in the Second circuit and elsewhere ruled that Section 440(d) could not be applied retroactively in Copeland's circumstances. See, e.g. **Gonclaves v. Reno,** 144 F.3d 110, 133 (1st Cir. 1998), **Miojica v. Reno,** 970

F.Supp.130, 182 (EDNY 1997). The Supreme Court eventually agreed, holding that Section 440(d) could not be applied retroactively to aliens who pled guilty to crimes prior to 1996 that made them ineligible for Section 212(c) relief under the 1996 Amendments. **INS v. St. Cyr,** 533 US at 326, 121 s. ct. 2271

On September 22, 1998, after his deportation hearing but prior to the decision in **St. Cyr,** Copeland filed a motion to reopen with the Immigration Judge challenging his decision to the BIA on October 6, 1998 arguing that he was eligible for 212(c) relief. However, on November 24, 1998, before the BIA considered his appeal, Copeland was deported to Jamica. 376 F.3d 61 at 65. On May 25, 1999, the BIA dismissed Copeland's appeal as moot under 8 CFR § 3.6(b) because Copeland had already been deported. Id. at 65.

Copeland reentered the United States by February 1999 and was arrested on December 1, 2001 and thereafter indicted in the Eastern District of New York for illegal reentry into the United States. 8 USC 1326(a), (b)(2); 18 USC 3551 et seq. Id. On March 27, 2002, Copeland moved to dismiss the indictment on the grounds that his deportation order, an element of the crime of illegal reentry, was invalid. Id.

United States District Court Judge Weinstein dismissed the indictment on the grounds that the underlying deportation order violated Copeland's due process rights and therefore could not be the basis for the prior deportation element in the illegal reentry charge. **United States v. Copeland,** 228 F.Supp.2d 267, 272 (EDNY 2002).

Petitioner satisfies the exhaustion requirement because he appealed his deportation order to the BIA. However, his appeal was futile given the fact that he was deported.

The status of the Immigration Laws at the time when Petitioner was in deportation proceedings was unclear. The new amendments to the Immigration and nationality Act (INA) were the AEDPA and the IIRIRA. The law being followed by the Immigration Courts at the time was known as the **Soriano** rule. It was based on **In Soriano,** 21 I&N Dec 516, 534, 1996 WL 426888 (BIA June 27, 1996) and at the time of Petitioner's removal hearing, the BIA's position was that the 1996 Amendments applied retroactively to aliens, like Marvin Cruz, who had pled guilty to aggravated felonies prior to their enactment. So, just line in Copeland (infra), Cruz was denied the opportunity to apply for § 212(c) relief at the time of his removal proceedings.

**Petitioner Was Deprived of the Opportunity fro Judicial Review**

The second circuit in **Copeland** reading **Gonzales-Rogue** and **Mendoza-Lopez** in tandem, held that "where habeas review is technically available, judicial review will be deemed to have not been denied if resort to a habeas proceeding was not realistically possible". See **United States v. Copeland,** 376 F.3d 61, at 68. In both **Gonzalez-Rogue** and **Mendoza-Lopez,** the consequences of the availability of habeas review turned on the temporal interval between the order and physical deportation during which the alien could have filed a habeas petition. The

Second Circuit read these two precedents to indicate that where habeas review is potentially available, an opportunity for judicial review will still be deemed to have been denied where the interval between entry of the final order and the physical deportation is too brief to afford a realistic possibility of filing a habeas petition. Id. at 68.

Petitioner, just like Copeland, had no realistic opportunity for habeas review not only because of the lack of time but also because of the legal uncertainties as to the availability of habeas review. See **USA v. Copeland**, 228 F.Supp.2d 267, 272 (EDNY 2002) at 270.

**Petitioner Deportation Order Was "Fundamentally Unfair"**

Petitioner's deportation order, was "fundamentally unfair" because the IJ stated, "I find conspiracy to distribute drugs with the sentence you received is an aggravated felony and therefore you cannot stay here". The Immigration Judge further stated, "You are legally barred from staying here and there's not a thing I can do to change the law".

The IJ did not allow Petitioner to apply for § 212(c) relief. The IJ never allowed Petitioner an opportunity for a hearing.

Under applicable regulations, an IJ must both inform an eligible alien of his or her right to a Section 212(c) hearing, 8 CFR § 242.17(a)(removed 1998), and thereafter hold such a hearing, if requested, 8 CFR § 212.3(e)(1). when a regulation

is promulgated to protect a fundamental right derived from ... a federal statute, and the INS fails to adhere to it, the challenged deportation proceeding is invalid..." **USA v. Copeland,** 376 F.3d 61 at 72, citing **Waldron v. INS,** 17 F.ed 511 (2nd Cir. 1993).

Since Petitioner was not informed of his eligibility for § 212(c) relief, and moreover, he was told he was not eligible for § 212(c), when in fact he was so eligible, the IJ trampled on Petitioner's fundamental rights.

**PETITIONER IS ABLE TO SHOW MORE THAN A 20% PROBABILITY THAT DEPORTATION WOULD NOT HAVE BEEN ORDERED ABSENT VIOLATION BY THE IMMIGRATION JUDGE AND BIA IN DENYING HIM THE OPPORTUNITY TO APPLY FOR 212(c) RELIEF**

In **United States v. Copeland,** 369 F.Supp.2d 279, on remand, decided May 4, 2005, Judge Weinstein rules, not only must the defendant show that the deportation hearing was so fundamentally unfair that it constituted a denial of his Fifth Amendment right to due process, but he must also show both fundamental procedural error and prejudice resulting form that error. To show prejudice from procedural error in prior deportation proceedings, amounting to due process violation precluding illegal reentry conviction, an alien is required to show that he likely would have been granted discretionary relief from deportation if he had obtained hearing, USCA CONST. AMEND. 5, INA § 276 (a,d), 8 USC 1326 (a-d), INA § 212(c), 8 USC (1994

The district Court noted that, under section 1326(d), a deportation order could be collaterally challenged in an illegal reentry criminal case if the alien (1) exhausted administrative remedies, (2) was deprived of the opportunity for judicial review, and (3) showed that the proceeding was fundamentally unfair. Id. at 270 (citing 8 USC 1326(d)).

**PETITIONER MAY CHALLENGE THE VALIDITY OF HIS DEPORTATION ORDER BECAUSE HE SATISFIES 8 USC § 1326(d)(1), (2) and (3).**

In a criminal proceeding under 8 USC § 1326, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. See 8 USC § 1326 (d)(1), (2) and (3).

**Petitioner Exhausted all of His Administrative Remedies That He Was Able To Seek Relief Against His Order of Deportation**

The Immigration Judge permitted Petitioner's application for relief under the Immigration and Nationality Act and ordered him removed.

ed.) 1182(c).

## CONCLUSIONS

For the foregoing reasons, this Honorable Court should vacate Petitioner's conviction and dismiss his indictment.

Respectfully Submitted

Jose Colon

Jose Luis Colon-Cruz
# 04119-070
FCI Otisville
PO Box 1000
Otisville, NY 10963