IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE LUIS COLON-CRUZ | : | |
| | : | CA 06-355T |
| v. | : | CR 05-042T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and objects to defendant Jose Luis Colon-Cruz's Motion Under 28 USC § 2255 to Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

CERTIFICATION OF SERVICE

On this 29th day of September, 2006, I caused the Government's Objection to Defendant's Motion Under 28 USC § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Jose Luis Colon-Cruz
#04119-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE LUIS COLON-CRUZ | : | |
| | : | CA 06-355T |
| v. | : | CR 05-042T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION UNDER 28 USC § 2255**
**TO VACATE, SET ASIDE OR CORRECT SENTENCE**
**BY A PERSON IN FEDERAL CUSTODY**

I. INTRODUCTION

The Petitioner, Jose Luis Colon-Cruz, files this motion pursuant to 28 USC § 2255. He makes two essential claims.

1. Petitioner pleaded guilty "with the understanding that he was receiving a sentence of 30 months or less." A subdivision of this claim is Petitioner's contention that when he did not receive the expected sentence, he told his attorney to appeal, which his attorney failed to do.

2. Petitioner was "actually innocent" of the charge of Reentry under the Second Circuit case of United States v. Copeland, 376 F.2d 61 (2nd Cir. 2004).

3. Petitioner claims "ineffective assistance of counsel as to both grounds.

II. TRAVEL AND FACTS

1. Petitioner was born in Dominican Republic and remains a citizen of that country. (A:@0012.)

2. He entered the United States illegally in January, 1988. (A:@00012-13.)

3. On April 4, 1995, he was convicted in United States District Court for the Eastern District of Louisiana for Conspiracy to Distribute 2 Kilograms of Cocaine and received a sentence of 57 months imprisonment. (A:@0013-14.)

4. On February 9, 1999, he was ordered deported by an Immigration Judge. He waived appeal to the Board of Immigration Appeal. (A:@0018,19.)

5. On March 17, 1999, he was deported to the Dominican Republic. (A:@0036.)

6. On March 25, 2005, he was found in Rhode Island, arrested by ICE agents, and on April 6, 2005, he was indicted for Illegal Reentry (CR 05-042T). (A:@0036.)

7. On July 14, 2005, he pleaded guilty to the indictment. (A:@0037.)

8. On October 28, 2005, Petitioner was sentenced to 48 months imprisonment. (A:@0058.)

III. THE LAW OF SECTION 2255 MOTIONS

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the

> court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice". . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal.

The standard of review of a § 2255 motion for alleged trial errors to which no contemporaneous objection was made is not the

plain error standard, but the cause and actual prejudice standard. Frady, 456 U.S. at 166-67. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Section 2255 provides that the Court, after receiving said motion, should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 of the Rules Governing Proceedings in the United States District Courts Under § 2255 provides in pertinent part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

The First Circuit has stated that no hearing is required where the § 2255 motion: "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). See also, United

States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988). See also, Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989). A District Judge's personal observation and recollection of the events at trial may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978). In considering a motion under § 2255, the District Court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v.

Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's burden is by a preponderance of the evidence.

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review," United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999), and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001).

Strickland applies not only to trials, but to guilty plea challenges. Under the first prong, the defendant must show that his counseled guilty plea was based on advice which is outside the range of competence demanded of attorneys in criminal cases.

To establish prejudice, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).

Moreover, even if a defendant is able to show that counsel's error affected the outcome of his case, he is not necessarily entitled to reversal. The Supreme Court has made clear that a prejudice analysis "focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). A Court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." Id. at 369-70. Rather, reversal is warranted only if a court also concludes that the result of the trial was "fundamentally unfair or unreliable." Id. at 369; accord Tejeda v. DuBois, 142 F.3d 18, 22 (1st Cir. 1998); Carey v. United States, 50 F.3d 1097, 1101 (1st Cir. 1995); Scarpa, 38 F.3d at 16; Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

Counsel need not jump through every conceivable hoop, nor engage in futile exercise, in order to be considered effective. Singleton, 26 F.3d at 239; United States v. Cronic, 466 U.S. 648, 656 n. 19 (1984).

## V. ISSUES

### A. Petitioner pleaded guilty "with the understanding that he was receiving a sentence of 30 months or less."

Petitioner makes this bald assertion without any explanation or revelation of any facts to support it. He doesn't claim that his attorney told him he would receive thirty months or less and yet, he claims ineffective assistance of counsel because of it.

As noted above, no hearing is required where the motion in inadequate on its face or conclusively refuted by the files and records of the case. Moran v. Hogan, supra. As the transcript of plea hearing clearly demonstrates, this claim is fallacious.

At the plea hearing, after Petitioner, through counsel, stated he would advise the Court at sentencing of Petitioner's cooperation with DEA, he was asked:

> Q. Well, what I'm trying to get at there, Mr. Colon, is I need to understand what promises you say have been made to you in exchange for your agreement to plead guilty. Now some of the promises, or maybe all of them are stated in that plea agreement. I want to know if there are nay other promises that were made to you that caused you to decide to plead guilty that aren't in the plea agreement?
>
> A. No. None, your Honor. (A:@0031.)
>
> . . .
>
> Q. Now do you understand, Mr. Colon, that this plea agreement is an agreement between you and the United States Attorney and the Court is not involved in this agreement. Do you understand that?

A. Yes, your Honor. (A:@0032.)

. . .

Q. Do you understand that if your guilty plea is accepted you could receive a sentence in this case, as Mr. Leavey previously stated and as your plea agreement states, you could received a sentence of up to 20 years in prison followed by a period of up to three years of supervised release, a fine up to $250,000, and a special assessment of at least one hundred dollars?

A. Yes, your Honor. (A:@0032.)

Q. And do you also understand that if your guilty plea is accepted you almost certainly will be deported?

A. Yes, your Honor. (A:@0032-33.)

Petitioner's allegation is clearly refuted by the record and his motion on this ground should be denied. Petitioner further claims that his attorney did not follow his instruction to appeal. An attorney who disregards a defendant's specific instructions to file a notice of appeal has acted in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). The loss of the right to appeal resulting from the ineffective assistance of counsel can, in the appropriate case, be remedied through a motion brought pursuant to 28 U.S.C. § 2255. United States v. Tajeddini, 945 F.2d 458, 466 (1st Cir. 1991); Lopez-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989). An unrepresented, indigent prisoner, deprived of his direct criminal appeal through ineffective assistance of

counsel, need not specify what issues he would raise on appeal. Rodriquez v. United States, 395 U.S. 327, 330 (1969); Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992); Tajeddini, 945 F.2d at 468 n.2. The remedy for a defendant who has lost the right to appeal due to the ineffective assistance of counsel is for the defendant to be resentenced so that an appeal may be prosecuted. Bonneau, 961 F.2d at 23. No such hearing is required in this case, however, because this too is refuted by the record. This Court has a procedure to forestall such claims and it was followed in this case. Petitioner was given a letter to mail to the Court if he wished to appeal. No such letter was received by the Court. (A:@0060.) Furthermore, had Petitioner followed the mandates of LR Cr 57.1(d), his claim may have had some substance. He did not. Petitioner's claim to have asked his attorney to appeal is refuted by the record. Consequently, no hearing is required.

B. Petitioner is actually innocent of the convicted offense.

Apparently, Petitioner has taken someone else's memorandum and simply adopted it as his own. The problem is that the facts of that memorandum and Petitioner's own facts are dissimilar. For example, in the memo, Petitioner claims he appealed his deportation order to the BIA (Petitioner's Memo p.16). He did not. (A:@0019.) In the memo, he quotes the Immigration Judge

(Petitioner's Memo p.17). No such statement was ever made. (A:@004-20.)

Petitioner relies on the rationale of United States v. Copeland, 376 F.3d 61 (CA 2-2004), a case from the Second Circuit which is one of only two circuits which holds that the failure to inform an alien of his right to seek discretionary relief in a deportation hearing may be a fundamental procedural error. Copeland at 70. Even this minority holding, however, does not help Petitioner since he fails the Copeland rule in several respects as will be discussed below.

1. Immigration Law Changes and the St. Cyr Decision

To understand the issue raised by the Petitioner, one must briefly review the law applicable to aliens relative to deportation. Prior to 1996, the Attorney General had broad discretion to cancel deportation orders for aliens lawfully admitted for permanent residence for at least seven consecutive years and who had not been imprisoned for five or more years for an aggravated felony. This was called a Section 212(c) waiver. In enacting AEDPA on April 24, 1996, Congress provided that all aliens convicted of an aggravated felony were disqualified from receiving a Section 212(c) waiver.

The Attorney General issued an opinion, binding on the Immigration Judges, which held this restriction to be retroactive. Matter of Soriano, 1996 WL 426888 (1997). Thus, an

alien convicted of an aggravated felony before April 24, 1996 was barred from receiving a Section 212(c) waiver. The cases, such as Copeland, revolve around the issue of whether the Immigration Judges advice to aliens convicted of an aggravated felony before 1996 that they were not eligible for Section 212(c) relief rendered their subsequent deportation invalid.

In 2001, the Supreme Court, in effect, overruled Soriano and held that the repeal of Section 212(c) relief did not apply retroactively to individuals who had pled guilty to a criminal charge prior to the effective date of the repeal. See INS v. St. Cyr, 533 US 289, 326 (2001). See United States v. Lopez, 445 F.3d 90, 90-92 (2nd Cir. 2006) for historical summary.

The Second and Ninth Circuits. United States v. Copeland, 376 F.3d 61 (2nd Cir. 2004) and United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1049 (9th Cir. 2004) hold that the erroneous advice given to convicted aliens at their deportation hearing that they were not eligible for a Section 212(c) waiver hearing rendered their deportations illegal under certain circumstances and thus their reentry did not violate 8 USC § 1326. The Tenth, United States v. Aguirre-Tello, 353 F.3d 1199 (10th Cir. 2004) (en banc); the Fourth, Smith v. ASHCROFT, 295 F.3d 425, 430 (4th Cir. 2002); the Fifth, United States v. Lopez-Orty, 313 F.3d 225, 231 (5th Cir. 2002); the Eleventh, Oguejiofor v. Attorney General, 277 F.3d 1305, 1309 (11th Cir. 2002); and the Eighth,

Escudero-Corona v. INS, 244 F.3d 608, 615 (8th Cir. 2001) Circuits all held that an alien had no constitutional or statutory right to discretionary relief and the Immigration Judge's failure to inform an alien of Section 212(c) relief does not rise to fundamental unfairness.

2. The Three-Prong Test in Section 1326(d)

While it is true that a defendant may collaterally attack the deportation order underlying a reentry charge, see United States v. Mendoza-Lopez, 481 U.S. 828 (1987), Congress has now codified Mendoza-Lopez and has provided that such attacks will fail unless the defendant establishes that:

> (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

Petitioner's argument fails for numerous reasons. First, and foremost, Copeland, as well as every other case cited by Petitioner, involved challenging the prior deportation in a motion to dismiss the indictment for Illegal Reentry or relief from deportation. That is what Mendoza Lopez mandated and 8 USC § 1326(d) permits. Petitioner pleaded guilty to the indictment and cannot now claim factual insufficiency in a § 2255 motion.

Because the need for finality has "'special force with respect to convictions based on guilty pleas,'" a guilty plea may be attacked on collateral review only in "strictly limited" circumstances. Bousely v. United States, 523 U.S. 614, 621 (1998) (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)). In particular, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). Thus, when a defendant files a Section 2255 motion to challenge the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). The Court applied this rule in Broce to hold that defendants who pleaded guilty to two indictments arising out of the same course of conduct had waived their double jeopardy claims. Id. at 565.

A guilty plea is an admission of all the elements and material facts of the criminal charge contained in an indictment. See Broce, 488 U.S. at 569 ("a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty"). Thus, a defendant cannot ordinarily challenge his plea on the ground that there was insufficient evidence to prove an element of the offense.

Second, Petitioner is not a lawful permanent resident.

Illegal aliens are not eligible for § 212(c) relief by the very wording of Section 212(c). See, e.g. Hussein V. INS, 61 F.3d 377, 379 (5th Cir. 1995). Petitioner has admitted he was not a lawful permanent resident. (A:@0023,26,35-37.) As such, unlike Copeland, he could never have received a waiver of deportation and consequently, the fact that he was not advised of a Section 212(c) hearing is meaningless.

Third, Petitioner did not exhaust administrative remedies.

When Petitioner was ordered deported, he was advised of his right to appeal the decision to the Board of Immigration Appeal and waived an appeal. (A:@0019.) As noted above, this is the first requirement of 8 USC § 1326(d). Congress wanted the immigration courts to have a full opportunity to handle these matters prior to judicial review. In Copeland, itself, the court held that exhaustion requirements are mandatory and Copeland's failure to appeal to the BIA would have been fatal absent his motion to reopen the proceedings at a later date. Copeland, 376 F.3d at 67. In the instant case, Petitioner's failure to appeal to the BIA would have prevented a collateral attack on his deportation even prior to his conviction before this Court.

## VI. CONCLUSION

Based on the above, the United States therefore requests that the Petitioner's motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

CERTIFICATION OF SERVICE

On this 29th day of September, 2006, I caused the Government's Objection to Defendant's Motion Under 28 USC § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Jose Luis Colon-Cruz
#04119-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov