UNITED STATES OF AMERICA

IMMIGRATION AND NATURALIZATION SERVICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| -V- | ) | DOCKET NO. |
| | ) | 75-004-038 |
| JOSE COLON-CRUZ, | ) | |
| | ) | |
| Respondent. | ) | |

Thursday
February 18, 1999

United States Immigration Court
Batavia, New York

BEFORE: HON. JOHN B. REID
Immigration Judge

ORIGINAL

PRESENT:

For the United States:

ROLANDO VALASQUEZ, ESQ.
U.S. Immigration and Naturalization Service

For the Respondent:

JOSE COLON-CRUZ, PRO SE

# I N D E X

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
| --- | --- | --- | --- | --- |
| Jose Colon-Cruz | 4 | -- | -- | -- |

| EXHIBITS: | DESCRIPTION | PAGE |
| --- | --- | --- |
| No. 1 | Notice to Appear | 6 |

P R O C E E D I N G S

THE COURT: This is Immigration Judge John Reid conducting a removal proceeding at the U.S. Immigration Court at Batavia, New York, on Thursday, February 18, 1999, in the Matter of Jose Luis Colon-Cruz, File 75-004-038.

The Respondent is present in the courtroom today, unrepresented. The Government is represented by Rolando Valasquez, Esq. The official court interpreter in the Spanish language from Berlitz, having previously been sworn, is Ms. Isabel Gilabard.

Through the interpreter. Sir, please, stand and raise your right hand?

Whereupon,

JOSE LUIS COLON-CRUZ

was called as a witness and, after having been first duly sworn, was examined and testified as follows:

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes.

THE COURT: Please, be seated.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Sir, are you most comfortable in the Spanish language?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes.

THE COURT: All right. Then we will conduct these proceedings in Spanish.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Sir, what is your full and complete name?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Jose Colon.

THE COURT: Is your last name Colon-Cruz -- your mother's name, Cruz?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes.

THE COURT: And your middle name is Luis; is that correct?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: You do not use the name Luis?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: Okay. Government, I am just going to (X) out the Luis as the middle name. It will be Jose

Colon-Cruz.

Sir, the Government has issued a piece of paper in your name called a Notice to Appear.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: That piece of paper contains the charges against you.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: It is dated February 4 and indicates that it was served upon you on February 9 of this year.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: I am going to have my clerk show you the original of that paper.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: And my question to you, sir, is did you receive a copy of this paper from the Government?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, sir.

THE COURT: All right. Then I am going to mark this Exhibit No. 1 in this proceeding.

(Government's Exhibit No. 1 was marked for identification.)

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Sir, I am going to go over what is contained on this piece of paper with you.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: At this point, I do not want you to tell me whether if what is on the paper is true or is not true, I just want to make sure you understand what the Government is charging.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: The Government says you are not a Citizen of the United States but rather, a Citizen of the Dominican Republic.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: That you last entered the United States near San Juan, Puerto Rico illegally without being inspected on or about January of 1998 -- I'm sorry, January of 1988.

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, sir.

THE COURT: Then on April 24th of 1995 you were convicted in the United States District Court for the Eastern District of Louisiana for the offense of conspiracy to distribute cocaine hydrochloride.

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, it is.

THE COURT: The Government then charges that

because of the foregoing, you can be removed from the United States for three reasons.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: First, because you entered the United States illegally.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Secondly, because you were convicted of a drug offense.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: And finally, because of the nature of the drug offense, an immigration officer would know of or have reason to believe you are an elicit trafficker in drugs.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Do you understand the charges against you, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, sir.

THE COURT: During these proceedings, you have the right to be represented by a lawyer of your choice and at your expense.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Because these are civil rather than criminal proceedings, I can not appoint a lawyer to

represent you.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: The Government is required, however, to give you a list of free legal services.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Mr. Valasquez has just given you that list.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: The people who are on that list have told the Court ---

THE INTERPRETER: (Translating in Spanish.)

THE COURT: --- that if you contact them and they agree to take your case on a pro bono basis ---

THE INTERPRETER: (Translating in Spanish.)

THE COURT: --- they will do so for little or no funds.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Do you have a lawyer at this time, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No, sir.

THE COURT: Do you wish me to adjourn your case to another date to give you an opportunity to try and obtain a lawyer?

THE INTERPRETER: (Translating in Spanish.)
THE WITNESS: (Answering in Spanish.)
THE INTERPRETER: No, sir.
THE COURT: Do you wish to go forward today, sir, and represent yourself?
THE INTERPRETER: (Translating in Spanish.)
THE WITNESS: (Answering in Spanish.)
THE INTERPRETER: Excuse me, please?
THE WITNESS: (Speaking in Spanish.)
THE INTERPRETER: What do you mean represent myself? I only want to leave for my country because I know did wrong.
THE COURT: All right, sir. Well, then basically, if you have no lawyer, you have to represent yourself.
THE INTERPRETER: (Translating in Spanish.)
THE WITNESS: (Speaking in Spanish.)
THE INTERPRETER: When, now?
THE COURT: Right now, if you wish.
THE INTERPRETER: (Translating in Spanish.)
THE WITNESS: (Speaking in Spanish.)
THE INTERPRETER: Thank you. Tell him, yes.
THE COURT: Sir, because you are representing yourself ---
THE INTERPRETER: (Translating in Spanish.)
THE COURT: --- the law requires that I advise you

of certain special rights that you have.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: If the Government has any papers that they wish me to consider in your case ---

THE INTERPRETER: (Translating in Spanish.)

THE COURT: --- they will give you a copy of the papers. You will have a chance to review them.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: And you can tell me whether or not you think I should consider the papers in your case.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: If the Government presents anyway witnesses against you, you will have the right to cross examine them.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: If you have any papers you want me to consider, you can show them to me.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: You are entitled to call witnesses on your behalf, if you have any.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: And finally, sir, you can make any statements or tell me anything you wish about your case.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Do you understand these rights, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, your Honor.

THE COURT: Sir, are you a Citizen or National of the United States?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: Are you a native and Citizen of the Dominican Republic?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, your Honor.

THE COURT: Did you last enter the United States on or about January of 1988 near San Juan, Puerto Rico?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, sir.

THE COURT: At that time, sir, did you enter the United States illegally without being inspected or admitted by an immigration officer?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: I came legally.

THE COURT: Legally or illegally?

THE INTERPRETER: Legally, sir.

THE COURT: Did you come with a passport, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: Did you have any papers to let you come to the United States legally?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: Did you see an immigration officer when you arrived in Puerto Rico?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No, sir.

THE COURT: Then you came to the United States illegally, against our laws; is that correct?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, sir.

THE COURT: Sir, were you convicted on April 24, 1995 in the United States District Court for the Eastern District of Louisiana for a conspiracy to distribute cocaine hydrochloride?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, sir.

THE COURT: Did you plead guilty to this offense?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, your Honor.

THE COURT: Did you appeal that decision, sir, or did you accept it as final?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: I accepted it as final.

THE COURT: How old are you, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Thirty years.

THE COURT: Are you single or married?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Single.

THE COURT: Have your parents ever been permanent residents or Citizens of the United States?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Permanent residents.

THE COURT: Are both of your parents permanent

residents, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: Which parent, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: My mother.

THE COURT: When did she become a permanent resident?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: About a year ago.

THE COURT: If it becomes necessary for me to deport you, sir, what Country do you wish to be deported to?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: I am a Dominican Citizen.

THE COURT: You wish to be deported to the Dominican Republic, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, your Honor.

THE COURT: Sir, did you ever become a permanent resident of the United States?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: No.

THE COURT: Is there anything else you wish to tell me before I make a decision in this case?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: I would like to know if I could leave the United States voluntarily, if you can get me that?

THE COURT: Because of your conviction, sir, which would be classed as an aggravated felony, I can not give you voluntary departure.

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: I understand, your Honor.

THE COURT: Government, is there anything before I make a decision in this matter?

MR. VALASQUEZ: No, your Honor. Based upon the Respondent's pleadings, the Service does request an order in this case.

THE COURT: Sir, I am going to make my oral decision in English. I will then summarize it for you through the interpreter.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Transcriber, this is the oral decision

of the Immigration Judge please put it in proper form.

The Respondent is a thirty year old, single male native and Citizen of the Dominican Republic who last entered the United States at or near San Juan, Puerto Rico on or about January 1988. He testified that at the time of his entry, he did not have proper documents to enter the United States and he did not see an immigration officer or present himself for inspection. The Respondent is charged by Notice to Appear dated February 4, 1999 (Exhibit No. 1); with the being removable from the United States based upon his illegal entry and also based upon an alleged conviction on April 24, 1995 in the United States District Court for the Eastern District of Louisiana for the offense of conspiracy to distribute cocaine hydrochloride.

The Respondent elected to go forward today without an attorney and indicated that he merely wished to be returned to his country. The Respondent admitted all five allegations of fact contained in Exhibit No. 1 and on the basis thereof I find that the Respondent is removable from the United States by evidence which is clear and convincing for having entered the United States illegally, or having suffered and -- a very serious drug conviction, and finally as a person who an immigration officer would know or have reason to believe there is an elicit trafficker in a controlled substance based upon his conviction for

conspiracy to distribute cocaine hydrochloride.

The Respondent has requested no relief from deportation except for the relief of voluntary departure. Because the Respondent's conviction would be categorized as an aggravated felon he is statutorily ineligible for such relief. Even if the Respondent were statutorily eligible for such relief this Court would deny it in its discretion based upon his conviction in 1995 for conspiracy to distribute cocaine hydrochloride. The Respondent has designated the Dominican Republic as the country of deportation if that became necessary.

Based upon the foregoing, the following order shall enter:

ORDER Respondent being hereby is removed from the United States to the Dominican Republic on the charges contained in the Notice to Appear.

Instruction Typist, please type a signature line underneath John B. Reid, Immigration Judge.

End of oral decision.

To the interpreter. Sir, I have ordered that you be removed from the United States to the Dominican Republic.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: I have found that you are ineligible for voluntary departure because of your drug conviction.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Sir, if you do not agree with my decision you can appeal it to a higher Court, to the Board of Immigration Appeals.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Or if you agree with my decision you can accept it today as final.

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, your Honor.

THE COURT: Do you wish to accept my decision as final or to appeal it, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: I accept your decision, your Honor.

THE COURT: Government?

MR. VALASQUEZ: Final order for the Service, your Honor.

THE COURT: All right. Fine. These proceedings are completed. But before I close, sir, I want to tell you that because of your drug conviction ---

THE INTERPRETER: (Translating in Spanish.)

THE COURT: --- you could never come to the United States to live in the future.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: And if you ever attempt to enter the United States ---

THE INTERPRETER: (Translating in Spanish.)

THE COURT: --- without getting special permission first from the Immigration Service to allow you to come here as a visitor ---

THE INTERPRETER: (Translating in Spanish.)

THE COURT: --- you will have committed a federal crime and be subject to be prosecuted therefore.

THE INTERPRETER: (Translating in Spanish.)

THE COURT: Do you understand, sir?

THE INTERPRETER: (Translating in Spanish.)

THE WITNESS: (Answering in Spanish.)

THE INTERPRETER: Yes, your Honor. I do understand.

THE COURT: Okay. Than these proceedings are completed.

THE INTERPRETER: (Translating in Spanish.)

(Whereupon, the above proceedings were completed.)

CERTIFICATE OF TRANSCRIBER

This is to certify that the attached proceedings before: IMMIGRATION AND NATURALIZATION SERVICE in the Matter of:

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| -V- | ) | DOCKET NO. |
| | ) | 75-004-038 |
| JOSE COLON-CRUZ, | ) | |
| Respondent. | ) | |

Place: Batavia, New York

Date: February 18, 1999

Were held as herein appears, and that this is the true, accurate and complete transcript prepared from the recordings taken of the above entitled proceeding.

| | |
|---|---|
| J. Mocanu<br>Transcriber | 9/19/2006<br>Date |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA CR. 05-42 T

v PROVIDENCE, RI
JULY 14, 2005

JOSE LUIS COLON-CRUZ

BEFORE CHIEF JUDGE ERNEST C. TORRES
(Entry of a Plea)

APPEARANCES:

FOR THE GOVERNMENT: U.S. ATTORNEY'S DEPT.
By: JAMES H. LEAVEY, ESQ.
Fleet Center 8th Floor
50 Kennedy Plaza
Providence, RI 02903
401-709-5000

FOR THE DEFENDANT: FEDERAL DEFENDER'S OFS
BY: EDWARD C. ROY, ESQ.
10 Weybosset St. Suite 300
Providence, RI. 02903
401-528-4281

COURT REPORTER: JOSEPH A. FONTES
145 A High Point Blvd.
Delray Beach, Florida 33445
561-452-7507

Proceeding reported and produced by computer-aided stenography

July 14, 2005 - MORNING SESSION

THE COURT: Good morning.

THE CLERK: Criminal Action 05-42 T, United States of America versus Jose Luis Colon-Cruz.

THE COURT: This case is here for entry of a plea. Mr. Leavey, would you begin please by summarizing the nature of the charges, the elements the Government must prove in order to obtain a conviction, the maximum penalties that could be imposed if the guilty plea is accepted, and the terms of the plea agreement.

MR. LEAVEY: Yes, your Honor. This defendant has been indicted in a one count indictment charging illegal reentry after having been deported. There are 4 essential elements which the Government would have to prove beyond a reasonable doubt in order to convict the defendant at a trial. First, that the defendant was an alien at the time alleged in the indictment. Second, that the defendant had previously been deported from the United States. Third, that thereafter the defendant knowingly was found in the United States. And fourth, that the defendant had not received the consent of the attorney general of the United States or his designee to apply for readmission to the United States since the time of the defendant's previous

deportation.

The maximum penalties for this charge are 20 years imprisonment, a fine of up to $250,000, a term of supervised release of three years, and a mandatory special assessment of $100. The defendant and the Government have reached a plea agreement which has been written and signed by the parties on May 17, 2005. This plea agreement is not binding upon the Court but is of course binding upon the Government. The defendant's obligations under this written plea agreement are that he will plead guilty to a single count of illegal reentry after deportation in violation of Title 8 of the United States Code Section 1326 A and B 2. The plea agreement demonstrates that the defendant understands that the United States Sentencing Guidelines are not binding upon the Court although the Court must consult the guidelines in fashioning any sentence in the case, the guidelines are only advisory to the Court. The Government has agreed in exchange for the defendant's plea of guilty that it will recommend that the Court impose a term of imprisonment at the lowest point of the range of sentences for the offense level determined by the Court under the sentencing guidelines. But not including probation or a split sentence even if permitted under the

guidelines, provided that the defendant does not seek a downward departure under the guidelines, but advocates for an advisory sentence below the guideline range. I note that in that paragraph which is Paragraph 2, there is a reference to a mandatory/minimum term of imprisonment. There is none in this case. That was superfluous, it will not appear in any future plea agreements unless appropriate.

The Government has also agreed to file a motion with the Court recommending a 3 point reduction in the offense level for acceptance of responsibility. The defense counsel notified the Government that the defendant would plead thereby not requiring the Government to prepare for trial. The Government is free to recommend any combination of supervised release, fines. There is no restitution in this case. There is a stipulation in this case, your Honor. First, that the defendant was convicted of conspiracy to distribute cocaine on April 24, 1995 in the United States District Court for the Eastern District of Louisiana and that conviction is an aggravated felony. He plead guilty on April 24 of 1995 and was sentenced in December of that same year. The defendant further stipulates that his removal from the United States was subsequent to that conviction. The defendant further