THE COURT: You may be seated, Mr. Colon-Cruz. The Court finds that the presentence report is accurate with the additional explanation that has been provided here, and that is that it appears that subsequent to pleading guilty in the Ohio case, Mr. Colon-Cruz did cooperate with DEA agents in New York and his cooperation led to some, one or more arrests and seizure of cocaine. That apparently as a result of that cooperation, the prosecution in Ohio was terminated -- I should say as a result of that cooperation and Mr. Colon-Cruz's arrest in this case, the prosecution in Ohio was terminated, and the Government has not moved for any downward departure in this case on that basis, and rightly so, because as Mr. Leavey has pointed out, Mr. Colon-Cruz has already received a benefit from that cooperation in that the Ohio prosecution has now been terminated. So he is no longer facing charges in Ohio.

The Court finds that the probation officer has correctly calculated the net offense level in this case as level 21, taking into account that Mr. Colon-Cruz has received a three-level reduction for acceptance of responsibility. The Government has moved that he get credit for the third level reduction. The criminal history category has been correctly calculated as

category 2. It does not factor in the Ohio charges, because he wasn't assessed any criminal history points for that, so that doesn't affect the calculation of the criminal history category, and the guideline range, then, is 41 to 51 months.

Now, at this time, Mr. Colon-Cruz, you now have an opportunity to address the Court and say whatever you think is relevant, and let's keep it relevant to the question of sentencing. If there is anything that you haven't already said that you think the Court should consider in determining your sentence, you may say so now.

THE DEFENDANT: Honorable Judge, my English is very limited, I had a letter prepared for you here. I would like to tell you that I returned to the United States without the permission of the Attorney General's Office. That's why I'm now confronting the country. Again, I understand that I have disappointed again the United States community, it's not my country, and yet I love it a lot. My children are all from here. The woman that destiny has forged for me is also here. And I, too, have disappointed her. My children, I promised them during all their baseball practice, their football practice, I promised I would be close to them, I would be with them. They remind me of who I was or who I am.

When I was 13 or 14, my father died, and maybe, perhaps, you see, I'm alive, not far from them, because, again, I didn't do it right. Honorable Judge present here in the Court, I am not asking that you should see me or view me as someone who is not or cannot contribute positively to society. I'd rather you view me as someone who is taking responsibility, and if in any way I have caused harm to this community or society, I am here, I'm present to pay back. I am hoping that you would consider to give me less time so I could reunite with my family. I ask you, please, to do so. And, again, I know it's not relevant, but I do want to mention that the quantity mentioned in the Ohio case is not the quantity that is stated. They knew what my position was. They knew that I had reentered this country, the Government, and they told me they were from the DEA. Again, I'm just saying this, you don't have to take this into account. I'm here before you, Honorable Judge Torres, and I'm here awaiting whatever you decide.

THE COURT: You may be seated, Mr. Colon-Cruz.

Mr. Roy, do you have anything further to say?

MR. ROY: Yes, your Honor. As the Court is aware, I filed a sentence memorandum and asked the Court to impose a sentence lower than the guideline

range of 41 to 51 months. In the memorandum I asked the Court to impose a sentence of 18 months in consideration of the factors that I have outlined. The first factor that I mentioned was the defendant's cooperation. And while the Government in its discretion did not seek fit to ask for a lower than guideline sentence, I don't think the Court is precluded under 18 U.S. Code Section 3553 from taking that into consideration when viewing this defendant's characteristics. If I could note parenthetically, your Honor, I think the Court knows that the DEA would not enter into any kind of relationship with someone to cooperate if they didn't feel the person was trustworthy. Obviously, the DEA, the Government agency, has it's reputation on the line, and they wouldn't use this defendant to try to make an arrest unless the defendant was someone that was trustworthy and cooperative. I think that reflects positively on this defendant. The other thing that impresses me about this defendant is the fact that he came back here to be closer to his family. His family is not here today, and notwithstanding what he told the Court, they are aware of it, his mother-in-law and other relatives were supposed to be here, I don't know why they are not here, but I spoke to his wife yesterday in New York and

she had called me on Wednesday, and I wanted to reiterate that the sentence was down today, and she told me she couldn't be here because she is attending school, trying to get a college degree so that she can make a better income to raise their two sons. But the defendant's wife did confirm for me that he has been a good father for their sons, and that his motivation to come back here was to try to be close to the sons. While that's an improper motivation, I think it does reflect on the Section 3553 factors.

When you consider, your Honor, that this defendant is now facing certain deportation, and it's limited as to what kind of rehabilitation can be accomplished at a United States prison facility where the defendant is not going to be in the United States at the completion of that term in prison, so it seems to me that 41 months is merely warehousing without really much upside at the end of that. Prison space is limited, and for those reasons, your Honor, I ask the Court to impose an 18-month sentence in consideration of the factors that I have outlined. Thank you.

THE COURT: Mr. Leavey?

MR. LEAVEY: Your Honor, the Government is recommending a 41-month sentence imprisonment. We do feel that the minimum sentence is justified in this

case in view of the fact that, as Mr. Roy said, he did, in fact, cooperate with the Government. We think that is a factor that the Court should take into consideration even though the Government didn't feel it warranted a 5K departure.

THE COURT: Would you stand up, please, Mr. Colon-Cruz. The first question that the Court has to decide is what the guideline range is. I've already determined that. The next question is what sentence is reasonable under the circumstances based on the factors enumerated in the sentencing statute. Generally, I find that the guidelines result in a fair sentence; there are exceptions, there are circumstances where I've imposed sentences that are above or below the guideline range because I don't think they result in a sentence that is reasonable. This isn't one of those cases. I think the guidelines take into account all of the appropriate factors. There certainly is no basis for a downward departure, as Mr. Roy has requested. You did cooperate to some extent after your guilty plea in Ohio, but you received credit for that because the Ohio authorities dismissed that case, apparently partly because DEA told them that you were cooperating with them in New York and partly because you had been arrested and charged in this case. As far as your

family circumstances are concerned, I note that you have family in the Dominican Republic, too, but you chose to come here to be with the other woman and children that were located here, but that's no different than many other cases that the Court sees. There's no basis for the downward departure. The real question here is where in the 41- to 51-month range your sentence be imposed. On the one hand, the Government has recommended a sentence at the low end, and I usually put considerable stock in the Government's recommendation, I don't always accept it, but I do consider it, and that's one thing that weighs in your favor. On the other side of the coin is the fact that you not only reentered the United States illegally after having been deported, but you had been convicted of a drug trafficking offense. The guidelines take that into account because they have increased your offense level by eight levels for that reason. What the guidelines don't consider is the seriousness of the drug offense of which you were convicted prior to your deportation. No matter what kind of a drug trafficking offense, the guidelines call for an eight-level increase. In your case the previous offense involved about 2 kilograms of cocaine, which is a substantial quantity of cocaine, and that indicates

that the eight level -- it indicates that the sentence should be not at the bottom end of the guideline range, but somewhere above that.

A second factor is that you not only returned to this country illegally after having been deported, but you engaged in another drug trafficking offense. That was the Ohio offense. By your own admission you pled guilty, and you, just this morning, acknowledged that you were guilty of that offense. Now, it's true, again, that you cooperated with DEA after that, but you received credit for that by having that charge dismissed, and I cannot ignore the fact that you engaged in another drug trafficking offense after you returned here. It's one thing to return illegally, even after having been convicted of a drug trafficking offense, it's another thing to not only return, but commit another drug trafficking offense after your return. So I cannot accept the Government's recommendation that you be sentenced at the bottom end of the range.

I hereby commit you to the custody of the Attorney General on Count I for a period of 48 months. Following the completion of your sentence, I place you on supervised release for a period of three years. As a condition of your supervised release, I will require

that if you are deported, and I'm almost certain you will be, the Court doesn't decide that, the immigration authorities do, but if you are deported, that a condition of your supervised release is that you remain outside of the United States for the period of your supervised release. Now, what that means is that if you're deported and you return to the United States at anytime, you will be committing -- without the permission of the Attorney General -- you will be committing an offense for which you can be prosecuted and placed in prison. If you return during the period of your supervised release, you'll be committing two offenses. You'll be illegally reentering and you'll be violating the terms of your supervised release, so the penalties would be even higher if you return during that time. I'm not going to impose any fine, because it doesn't appear that you have any assets with which to pay a fine. But I am required to impose a special assessment in the amount of $100. You may be seated, Mr. Colon-Cruz.

As far as we can tell right now, since the *Booker case* any defendant has a right to appeal his sentence, so I will advise you that you have a right to appeal your sentence. If you wish to take an appeal, you must file a notice of appeal within 10 days,

otherwise you may lose whatever right to appeal you may have. You have been provided with a letter and so has Mr. Roy. Your letter states that you have discussed this matter with Mr. Roy, you have decided that you do wish to appeal your sentence, and you have told Mr. Roy that. If that is your decision, all you need to do is sign the letter and drop it in the mail within 10 days so that the Court will know that you plan to appeal. If you do not wish to appeal, you don't have to do anything.

And, Mr. Roy, as you know, your letter says that you have discussed the matter with Mr. Colon-Cruz and that he has told you that he does not wish to appeal or he has not responded to your inquiry. If that's the case, all you need to do is sign the letter and drop it in the mail. On the other hand, if he decides that he does wish to appeal, then, again, as you know, it is your responsibility to do whatever is necessary to pursue the appeal unless and until the Court of Appeals appoints someone else to represent him.

Do you have anything further, Mr. Leavey?

MR. LEAVEY: No, your Honor.

THE COURT: Mr. Roy?

MR. ROY: Nothing further, your Honor. Thank you.

THE COURT: Court will be in recess.

(Adjourned)

C E R T I F I C A T I O N

I, Angela M. Reynolds, RPR-FCRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Angela M Reynolds

Angela M. Reynolds, RPR-FCRR

8-31-06

Date:

(next case).