**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOES LUIS COLON-CRUZ
Petitioner,

**Vs.** **CASE NO.: CIV-06-355-T**
**CR-05-042-T**

UNITED STATES OF AMERICA
Respondent,
______________________________/

**MOTION IN TRAVERSE TO GOVERNMENT'S RESPONSE TO PETITIONER'S POST CONVICTION MOTION**

---

**COMES NOW,** the Petitioner, Jose Luis Colon-Cruz, motions this Honorable Court in traverse to the Government's response to his Post Conviction motion. He states the following in support:

The Government takes the position that Petitioner was given a general correspondence to sign if you wanted to appeal his sentence/or conviction, during his sentencing hearing. Due to such general correspondence, Petitioner's claim in his § 2255 for restoration of is appellate rights should be denied, because Petitioner never submitted the general correspondence for filing.

Attached to this motion are copies of all general correspondences to trial counsel from the Petitioner. As this Honorable Court would take notice in each general correspondence Petitioner was instructing counsel to take specific positions in his case. In one of the general correspondence Petitioner stated what objections he wanted to raise on his P.S.I., see

letter dated October 16th, 2006. In another general correspondence, Petitioner contacts the Honorable Court to request an order directing trial counsel to forward a copy of the P.S.I. Report for consideration, see October the 8th, 2006, general correspondence. In each correspondence Petitioner is seeking trial counsel to preform a specific task. In fact Petitioner had to correspond with the Honorable Court to get an order directing trial counsel to preform a task that was afforded to Petitioner by right. In a general correspondence dated October 30th, 2006, Petitioner forward the general correspondence issued to him by this Honorable Court, to his trial counsel, and informed trial counsel to file the letter with the Honorable Court, and to proceed with a direct appeal.

In essences, Petitioner did in fact completely follow this Honorable Court's instructions, and fully sought the filing of his notice of appeal. However, trial counsel did not comply with such request, and therefore, trial counsel was ineffective for failing to proceed with a direct appeal. Petitioner should be awarded a hearing, so that he can demonstrate that he did in fact directed his trial counsel to appeal.

Petitioner waives addressing the Government's response assertions to his other claims on his § 2255, at this time until this Honorable Court determines whether or not Petitioner is entitled to the restoration of his appellate rights.

## CONCLUSION

**WHEREFORE,** Petitioner hopes and prays that this Honorable Court would consider his position that he fully sought to appeal

his case to the court of appeals. He also, hopes and pray that this Honorable Court would grant any and all fair relief it sees just.

Respectfully submitted

Joes Luis Colo-Cruz
Pro-se
Reg. 04119-070
F.C.I. Otisville
P.O. Box 1000
Otisville
New York 10963

**CERTIFICATE OF SERVICE**

**I HEREBY**, certify that a true and correct copy of the forgoing was mailed to the United States Attorney's Office for the District of Rhode Island, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, on this day of November 8th, 2006, by placing this motion in a pre-paid stamp envelop, then handing it to an F.C.I. Otisville Official for mailing.

Respectfully submitted

Joes Luis Colon-Cruz

Pro-se