## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JOSE LUIS COLON-CRUZ     |

       v.                  |         C.A. No. 06 - 355-ML

UNITED STATES OF AMERICA    |

### MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge

Pending before this Court is Jose Luis Colon-Cruz's motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, that motion is denied and dismissed.

### BACKGROUND

In 1988 Colon-Cruz, a citizen of the Dominican Republic, illegally entered the United States. In 1995 he was convicted of conspiracy to distribute two kilograms of cocaine and received a 57-month term of imprisonment. Thereafter, authorities commenced removal proceedings against Colon-Cruz in Immigration Court, which ultimately resulted in an order dated February 9, 1999 directing that he be deported from this country. Colon-Cruz did not appeal his removal order and he was deported to the Dominican Republic in March 1999.

In March 2005, Colon-Cruz was arrested in Rhode Island by immigration authorities and charged with illegal reentry to this country. See 8 U.S.C. § 1326(a) and (b)(2). He pled guilty, and on October 28, 2005 Judge Ernest Torres of this Court sentenced him to 48 months imprisonment. Judgment of conviction entered on November 17, 2005. Throughout these proceedings Colon-Cruz was represented by Federal Defender Edward Roy.

1

Colon-Cruz did not appeal, but thereafter he timely filed the instant motion to vacate. In his motion to vacate Colon-Cruz claims: (1) that he pled guilty with the understanding that he would receive a sentence of 30 months, and when he did not receive that sentence, he told his attorney to file an appeal but counsel failed to do so; and (2) that he is innocent of the charge of which he was convicted (illegal reentry) because the immigration judge at his removal proceedings denied him an opportunity to appeal and/or to apply for Section 212(c) relief.

The Government has objected to that motion. See Memorandum in Support of Government's Objection to Defendant's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ["Gov't Mem."].

On February 9, 2009 this Court entered an Order directing Colon-Cruz to file an affidavit, signed under pains and penalties of perjury, describing communications with his attorney regarding the filing of a direct appeal from his conviction and sentence. See Order dated February 9, 2009. The Order further directed that such affidavit be filed on or before March 11, 2009. Id. When no affidavit was filed by that date, this Court ordered Colon-Cruz to show cause on or before April 17, 2009, why his motion to vacate should not be dismissed for lack of prosecution. See Order dated March 16, 2009. The Order provided that if no such showing was made by that date, this matter would be dismissed. To date Colon-Cruz has not responded.[1]

DISCUSSION

In view of Colon-Cruz's failure to comply with the foregoing Orders, his claim of ineffective

---

[1]   This Court has received information that Colon-Cruz was deported from this country in October 2008.

assistance must be dismissed for lack of prosecution.[2]

Colon-Cruz's second claim must likewise be dismissed, with brief discussion. In this claim he asserts that he is actually innocent of the illegal reentry charges because the immigration judge at his removal proceedings in February 1999 denied him an opportunity to appeal the removal order and to apply for Section 212(c) relief. However, Colon-Cruz's guilty plea foreclosed any collateral attack he might have made on his previous deportation order. See United States v. Chantal, 902 F.2d 1018, 1020 (1st Cir. 1990) (a valid plea of guilty waives all but jurisdictional defenses).

Moreover, this claim is flatly contradicted by the record. During removal proceedings, the immigration judge clearly advised Colon-Cruz of his right to appeal to the Board of Immigration Appeals. See Transcript of Proceedings in United States v. Jose Colon-Cruz, No. 75-004-038 (U.S. Immigration Court Feb. 18, 1999), submitted as Exhibit 1 to Gov't. Mem., Doc # 4-2 ["IC Tr. Doc.# 4-2"] at A19. Colon-Cruz chose not to avail himself of that opportunity and instead accepted the immigration judge's decision as final. Id. His further claim of entitlement to Section 212(c) relief likewise fails, as such relief is only available to a "lawful permanent resident." Hussein v. INS, 61 F.3d 377, 379 (5th Cir. 1995). Colon-Cruz, however, is not, and was not, a lawful permanent resident. See IC Tr., Doc # 4-2 at A12-A13. See also IC Tr., Doc # 4-2 at A23, A26, A35-A37.) Therefore, he was not eligible for relief under Section 212(c).

---

[2] To the extent that this claim could be deemed to challenge the voluntariness of Colon-Cruz's plea, it fails at the outset, because it procedurally barred, see United States v. Frady, 456 U.S. 152, 165 (1982) (§2255 motion is not a substitute for direct appeal), and because it is flatly contradicted by the record. At the change of plea hearing Colon Cruz acknowledged under oath that he was pleading voluntarily, that no promises were made to him other than those set forth in the plea agreement, and that he understood that the sentence recommended by the Government was not controlling on the Court and that this Court could impose any sentence. (See Transcript of Change of Plea Hearing conducted on July 14, 2005, submitted as Exhibit 2 to Gov't Mem., Doc # 4-2 ["Plea Tr."] at A27-A35.)

CONCLUSION

For all of the foregoing reasons, Colon-Cruz's motion to vacate, set aside, and/or correct

sentence pursuant to  28 U.S.C. § 2255 is DENIED and DISMISSED.


SO ORDERED:


_Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
Date: April 27, 2009

4